# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0527-19

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

    Plaintiff-Respondent,

v.

T.T.,

    Defendant-Appellant,

and

M.M.,

    Defendant.

_____

IN THE MATTER OF M.T.T.,
B.M. and J.M., minors.

_____

Submitted February 9, 2021 – Decided    February 25, 2021

Before Judges Fisher and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Sussex County, Docket No. FN-19-0066-17.

Joseph E. Krakora, Public Defender, attorney for appellant (Robyn A. Veasey, Deputy Public Defender, of counsel; James D. O'Kelly, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Mary L. Harpster, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors B.M. and J.M. (Meredith Alexis Pollock, Deputy Public Defender, of counsel; Linda Vele Alexander, Designated Counsel, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor M.T.T. (Noel C. Devlin, Assistant Deputy Public Defender, joins in the brief of minors-respondents B.M. and J.M.).

PER CURIAM

Defendant T.T. is the mother of three children: M.T.T. (Molly), a daughter born in 2005, and twin boys, B.M., and J.M., born in 2014. Finding their home to be in deplorable condition, in March 2017 the Division of Child Protection and Permanency commenced this Title Nine action, seeking the care, custody, and supervision of all three children. On April 4, 2017 – the return date of an order to show cause entered when the suit was commenced – the court ordered the children's removal from their home. Soon after, S.T. – Molly's father

2

– and defendant surrendered their parental rights to Molly. Because the twins' father, M.M., stipulated the condition of the home warranted the Division's intervention and that the twins were in need of services to ensure their health and safety, the trial court dismissed this Title Nine action against him.

A fact-finding hearing – focusing on defendant and her parenting of the twins – took place over seven non-consecutive days between February and August 2018. The judge heard lay and expert testimony, including Molly's testimony, made credibility findings, and determined that at all relevant times the home was in a "horrendous, deplorable, unsanitary, and unsafe" condition.

We need not describe or detail the evidence that resulted in the judge's finding about the condition of the home. Our role is limited; we defer to judge-made findings when supported by credible evidence in the record because the trial judge has had "the opportunity to make first-hand credibility judgments about the witnesses . . . [and] has a 'feel of the case' that can never be realized by a review of the cold record." N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)).

After careful review, we are satisfied the evidence fully supports the judge's conclusion that the twins were abused or neglected within the meaning of N.J.S.A. 9:6-8.21(c)(4), which defines an "abused or neglected child" as one "whose physical, mental, or emotional condition has been impaired or is in

imminent danger of becoming impaired as the result of the failure of [a] parent . . . to exercise a minimum degree of care . . . in supplying the child with adequate food, clothing, shelter . . . ." Indeed, defendant never disputed the claims about the condition of the home[1] but instead argued that while she may have neglected the home, she had not neglected the children – a theme that fails to appreciate that children are entitled to a safe and stable home environment, as our Legislature has declared. Ibid. The judge determined as well that defendant suffered from anxiety and depression and, despite the Division's efforts, she declined services to address her mental health issues, choosing instead to undergo her own therapy through "the art that she does and the video games that she plays on her computer."

In short, the judge concluded that the children – prior to their removal – had been raised in a home that suffered from significant environmental neglect and that defendant recklessly disregarded the children's safety. An order memorializing the finding of abuse and neglect was entered in August 2018. A year later, the litigation was terminated.

Defendant appeals, arguing:

> I. THE TRIAL COURT CONCLUDED THAT THE MENTAL OR EMOTIONAL CONDITIONS OF [DEFENDANT'S] CHILDREN WERE IN IMMINENT

---

[1] She told her own expert that it was "all [her] fault . . . . [The house is] a mess. My kids were taken away. The house is still a mess."

4

DANGER OF BEING IMPAIRED BUT FAILED TO IDENTIFY THE ACTUAL MENTAL OR EMOTIONAL HARM THAT [DEFENDANT] EXPOSED HER CHILDREN TO BY FAILING TO MAINTAIN A CLEAN HOME.

II. THE TRIAL COURT'S FACTUAL CONCLUSIONS WERE WIDE OF THE MARK AND THE IMPLICATIONS IT DREW FROM THOSE CONCLUSIONS WERE PATENTLY ERRONEOUS.

III. THE TRIAL COURT'S CONCLUSION THAT [DEFENDANT] SUBJECTED HER CHILDREN TO ENVIRONMENTAL NEGLECT SHOULD BE REVERSED BECAUSE THE TRIAL COURT FAILED TO CONSIDER THE TOTALITY OF THE SPECIFIC CIRCUMSTANCES OF THE CASE.

IV. THE TRIAL COURT ERRONEOUSLY LIMITED ITS CONSIDERATION OF THE FACTS TO EVENTS THAT OCCURRED PRIOR TO THE CHILDREN'S REMOVAL ON APRIL 4, 2017.

We find insufficient merit in these arguments to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), and we affirm substantially for the reasons set forth in Judge Michael C. Gaus's thorough and well-reasoned oral decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION